**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TERRILL D. GURLEY, JR.,                )<br>                                                       )<br>             Plaintiff,                          )<br>                                                       )<br>vs.                                                 )          Case No. CIV-14-381-R<br>                                                       )<br>LT. CLARK, *et al.*,                         )<br>                                                       )<br>             Defendants.                      ) | |

**DEFENDANTS' MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT**

COMES NOW, defendants the GEO Group, Inc, H.A. Rios, Lt. Clark, Sgt. Dawson, C.O Livingston, C.O. Neial (correct spelling, Neil) and C.O. Kinnder (correct name is Kidder), and respectfully move to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Defendants move for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure for the reason that no genuine issue of material fact exists, and they are entitled to judgment as a matter of law. Grounds for dismissal or summary judgment appear more fully in the attached brief in support.

**BRIEF IN SUPPORT OF MOTION TO DISMISS/**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Terrill Gurley, #232933, appearing *pro se*, is currently an inmate within the custody of the Oklahoma Department of Corrections (hereinafter "DOC"). Plaintiff is housed at the Lawton Correctional Facility (hereinafter "LCF"), a privately owned and operated prison in Lawton, Oklahoma, housing Oklahoma inmates pursuant to a contract with the Oklahoma Department of Corrections. Plaintiff alleges a violation in Count I of his complaint of his Eighth Amendment rights for Defendants failure to protect him from an assault that occurred on February 5, 2014 [Doc.22, Amended Complaint, p.2-3]. This

Motion to Dismiss/Motion for Summary Judgment relies upon the amended complaint and the Special Report filed contemporaneously herewith.

## STANDARD OF REVIEW

A complaint may be dismissed upon motion for the "failure to state a claim upon which relief can be granted." Fed.R.Civ.P 12(b)(6). All well-pleaded facts are accepted as true, and viewed in a light most favorable to the non-moving party. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). Factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (10th Cir. 2007). When factual allegations in a complaint fail to "raise a claim for entitlement of relief" the claim should be dismissed. *Id*. at 558 (citations omitted).

Alternatively, a Motion for summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(C). The moving party bears the initial burden of showing the absence of a genuine issue of material fact, which can be effected by pointing to the lack of evidence supporting an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). More than a "mere scintilla of evidence" must exist to show a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A genuine issue of material fact exists only if the record, taken as a whole, could lead a reasonable trier of fact to find in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff is an inmate of the Oklahoma Department of Corrections (hereinafter "DOC"). He is serving four sentences of 75 years, for charges of Larceny of an Automobile afcf 2 or more, two counts of Burglary 1, afcf 2 or more, and Possession of a

Firearm afcf 2 or more. He is also serving three 99 year sentences for Robbery with Firearms, afcf 2 or more, Kidnaping afcf 2 or more and Attempting to intimidate a sate's witness afcf 2 or more. (SR Att. 1, DOC Face Sheet).

2. LCF is a private prison owned and operated by GEO Group, Inc., which is under contract with DOC to house Oklahoma inmates under the laws of the State of Oklahoma.

3. Plaintiff was incarcerated at LCF at all times material to the allegations in the complaint.

4. That Plaintiff, Terrill Gurley, was attacked by inmates Green and Jennings on February 5, 2014. (S.R., Att. 2)

5. That Plaintiff has failed to exhaust his administrative remedies.

## ARGUMENT

## PROPOSITION I

## PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

The United States Congress modified the requirements regarding the exhaustion of administrative remedies for prisoner lawsuits when it passed the Prisoners Litigation Reform Act. Title 42 U.S.C. §1997e. It states:

> "Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. §1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The Department of Corrections has a grievance policy, which could have been utilized to address Plaintiff's complaints.

Plaintiff's failure to exhaust his administrative remedies is grounds for dismissal. See 42 U.S.C. §1997e, *Booth v. Churner, 532 U.S. 1819 (2001).* In *Jernigan v. Stuchell*, 304 F.3d 1030 (10th Cir. 2002), the Court rejected the argument that "inmates do not have to

properly complete the grievance process, and they do not have to correct deficiencies." Id. at 1032.

Plaintiff did not file a RTS or grievance as to the issues in his complaint. The only RTS he filed was to request a copy of the incident reports regarding the assault (S.R. Att. 5). Said request was denied and no appeal was filed. As such, Plaintiff has failed to complete his administrative remedies as to those issues and therefore he has failed to comply with the PLRA. (SR Att. 6, Affidavit of Knutson)

The Supreme Court reiterated its conclusion that a prisoner must exhaust each step of a prison system's grievance procedure in full compliance with the policy's procedural and time requirements. See *Jones v. Bock*, 549 U.S. 199, (2007). The prison's procedural requirements themselves, not the Prison Litigation Reform Act, determine whether a grievance or grievance paperwork was properly submitted. Id. at 218. As the Tenth Circuit has determined, any claim not properly exhausted in full compliance with the grievance process is procedurally barred and should be dismissed with prejudice. *Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006). The Tenth Circuit has held that a prisoner must timely exhaust each step of a prison system's grievance procedure in full compliance with the procedure's requirements. *Jernigan* at 1032.

There can be no dispute between the parties that Plaintiff was required to exhaust his administrative remedies pursuant to the DOC grievance procedures, OP-090124. (SR Att. 4, DOC Inmate/Offender Grievance Process, OP-090124). This process requires an initial, informal attempt to resolve a complaint by talking with the case manager, supervising employee, or other appropriate staff. Id. at IV(A). If the matter remains unresolved, the inmate must then submit a written "Request to Staff," briefly but specifically describing his complaint. Id. at IV(B). Should the informal attempts at resolution fail, the inmate's next

step is submission of an "Inmate/Offender Grievance Report Form." Id. at V(A). An unfavorable response to the grievance may then be appealed to the Administrative Review Authority or Chief Medical Officer, as appropriate. Id. at VII. The ultimate ruling of the Administrative Review Authority or Chief Medical Officer concludes the administrative process available to an inmate through the Oklahoma Department of Corrections. Id. at VII(D).

## PROPOSITION II

## PLAINTIFF FAILS TO ESTABLISH AN EIGHTH AMENDMENT VIOLATION FOR FAILURE TO PROTECT

It is well established that the supervision of the internal affairs of correctional institutions rests with the prison administrators and is not ordinarily subject to judicial review. *Hutchinson v. Anderson*, 366 F.Supp. 795 (E.D. Okla. 1973). *See also*, *Evans v. Mosely*, 455 F.2d 1084 (10th Cir. 1972); and *Bethea v. Crouse*, 417 F.2d 504 (10th Cir. 1969), and cases cited therein. Prison officials must be accorded latitude in the administration of prison affairs and the inmates are necessarily subject to appropriate rules and regulations. *Cruz v. Beto*, 405 U.S. 319 (1972).

Plaintiff asserts an Eighth Amendment claim for failure to protect him from the attack by inmates Green and Jennings. A prisoner alleging that certain prison conditions constitutes cruel and unusual punishment in violation of the Eighth Amendment must prove both an objective and a subjective element. *Wilson v. Seiter,* 501 U.S. 294 (1991). The objective element asks whether the seriousness of the prison condition rises to an unconstitutional level. The subjective element requires that the defendant act with a state of mind evincing a deliberate indifference to the inmate's health or safety. *Id.* at 301.

With regard to the objective element, the Supreme Court has held that only those

deprivations denying the minimal measures of life's necessities are sufficiently grave for the basis of an Eighth Amendment violation. *Rhodes v. Chapman,* 452 U.S. 337 (1981). With regard to the subjective element the test is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health...." *Farmer v. Brennan*, 511 U.S. 825, 843 (1994). Deliberate indifference is equivalent to reckless disregard and describes a state of mind more blameworthy than negligence, but is something less than acts or omissions for the very purpose of causing harm or knowledge that harm will result. *Id.* The failure to alleviate a significant risk that should have been perceived, but was not, does not constitute deliberate indifference. *Id.* Courts are to look to any background information available to prison officials that would create an obvious risk to an inmate. *Howard v. Waide*, 534 F.3d 1227, 1238 (10th Cir. 2008). In *Howard*, the Tenth Circuit looked to both circumstantial and direct evidence in addressing the subjective element of a deliberate indifference claim. *Id.* Regarding the circumstantial element, the Court looked to the defendant's physical build and sexual orientation, as well as the history of the prison gang allegedly targeting him. *Id.* The Court appeared to give great weight to the fact that the Plaintiff in *Howard* had been assaulted in the past and that officials were aware of the brutal treatment. *Id.*

Even if a Plaintiff meets the objective and subjective elements of *Farmer*, the "Eighth Amendment requires only 'reasonable safety,' prison officials who 'actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm was not ultimately averted.'" *Id.* at 1238(quoting *Farmer* at 844-45). There, the Tenth Circuit held that in order to determine whether a prison official acted reasonably, the court is to look to the actions the officials took, and any alternatives available to them. *Id.* at 1240.

6

Here, Plaintiff asserts that the Defendant Officer Kidder, opened a pod door while he was cleaning the unit thus allowing two offenders, Green and Jennings, to enter the unit where they assaulted him. He makes other general allegations that Sgt. Dawson posted two officers, Livingston and Kidder, to work on the unit and that Kidder had never worked the unit before but was left to run the unit. He asserts that Officer Neil knew this and was aware that people was on the pod. These allegations fail to meet either the objective or subjective portion of the court's test. While the attackers and offender Gurley each belonged to a different security threat group, there is no allegation or evidence that the officers were aware of inmate Green or Jennings' intent to harm plaintiff and as such opened the door with the subjective intent of allowing harm to come to Plaintiff.

At best opening the door to allow Inmates Green and Jennings on the unit was negligence. Eighth Amendment violations are judged under a deliberate indifference standard, not negligence. *Farmer v. Brennan, supra.* Alternatively, Plaintiff's claim could be said to be a claim for a denial of due process. This argument too is invalid. The Due Process Clause is not implicated when a public official negligently causes loss of, or injury to, life, liberty, or property. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed. 2d 662 (1986).

As Plaintiff has failed to meet his burden his claim should be dismissed.

**PROPOSITION III**

**PLAINTIFF HAS FAILED TO ALLEGE PERSONAL PARTICIPATION BY DEFENDANTS Lt. CLARK, SGT. DAWSON, C/O LIVINGSTON, GEO GROUP AND WARDEN HA RIOS, JR.**

"Personal participation is an essential allegation in a §1983 claim." *Mitchell v. Maynard*, 80F.3d 1433, 1441 (10th Cir. 1996) (citations, quotation marks and brackets

omitted).  In *Blinder, Robinson & Co. v. U.S.S.E.C.*, 748 F.2d 1415, 1419 (10th Cir. 1984), the Tenth Circuit held that "to state a constitutional claim, plaintiff must do more than simply state a conclusion or engage in 'artful pleading.' ...A Plaintiff must state a compensable claim for relief that details the facts forming the basis for the claim."  In *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997), the Court said that " a general responsibility for supervisory operations of a prison is insufficient to establish the personal involvement required to support liability."  Thus, a claim of *respondeat superior* is not proper under 42 U.S.C. § 1983.  Under §1983, in order to state a claim of supervisor liability a plaintiff must make a showing of an "affirmative link between the constitutional violation and either the supervisors personal participation, his exercise of control or direction, or his failure to supervise." *Green v. Jackson*, 108 F.3d 1296, 1302 (10th Cir. 2008).  In *Green*, the Court found personal participation because the plaintiff alleged in his complaint that the warden was notified of an assault on the plaintiff, but did nothing to assist him. *Id*.  In *Sanaah v. Howell,* 384 Fed. Appx. 737, 740 (10th Cir. 2010) the Court held:

> After a careful review of the record, we agree with the district court that Sanaah failed to "allege any plausible individual actions attributable" to Arellano, Grover, or Zavaras that caused his alleged injuries. R. Vol. 1, Doc. 75 at 7. There is no allegation any of the three repaired the showerhead or participated in Sanaah's medical care. And **there are only general and conclusory allegations, unsupported by facts, that they showed deliberate indifference by failing to supervise or train their employees**. Sanaah has thus failed to allege sufficient facts to state a claim against Arellano, Grover, or Zavaras.  (Emphasis added)

Supervisory status alone is not sufficient to establish liability in a § 1983 claim. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008).  There, the plaintiff alleged in his complaint suspicions that the defendant maintained an unwritten policy against referring inmates to specialists. *Id*.  The Court held that it was not error for the Magistrate to dismiss as to that defendant. *Id*.

As to Defendants GEO Group and Warden Rios Plaintiff only alleges that they are ultimately responsible for the well being of the inmates. [Doc. 22, p. 2]. As to the other Defendants. Plaintiff, in his complaint, generally alleges that the shift supervisor (unnamed but presumed to be Sgt. Dawson, reference Doc. 22, p. 3) posted two officers (Livingston and Kidder) that had never worked the housing unit before. [Doc. 22, p 4-. 5] As to Lt. Clark Plaintiff's only allegation is that Lt. Clark is obligated and committed to the safety and orderly running of the facility. [Doc. 22, p. 1] As to C/O Livingston it is unclear as to any allegation of wrongdoing. He asserts that Livingston was in another pod and wasn't supposed to have left Kidder alone on the unit as he did not know the operation thereof [Doc. 1, p 5]. This is speculative at best and insufficient to establish personal participation. As in *Sanaah,* Plaintiff has failed to make any specific allegations of the direct participation of these Defendants other than these conclusory claims, Plaintiff fails to allege any facts that show the personal participation required. Thus, Plaintiff has failed to establish personal participation by Defendants Clark, Dawson, Livingston, GEO Group and Warden HA Rios, Jr. and therefore, the complaints against them should be dismissed.

## **CONCLUSION**

Given the nature of Plaintiff's allegations and the information supplied by the various attachments, Defendants urge that the Complaint herein be dismissed pursuant to

Fed. R. Civ. P. 12(b)(1) or 12(b)(6). In the alternative, Defendants contend they are entitled to summary judgment as to all of Plaintiff's claims pursuant to Fed R. Civ. P. 56.

Respectfully Submitted,

S/ Don G. Pope
Don G. Pope, OBA #7218
Don G. Pope & Associates, P.C.
611 24th Ave SW Suite 102
Norman, Oklahoma 73069
Telephone (405) 360-7555
Fax (405) 360-6990
Attorney for Defendants

### CERTIFICATE OF SERVICE

This is to certify that on the 14th day of January, 2015, this document was filed electronically and in accordance with court rule and on that same date I mailed a true and correct copy of the foregoing, postage prepaid, to:

Terrill Gurley, #232933
Lawton Correctional Facility
8607 SE Flowermound Rd.
Lawton, OK 73501
Plaintiff, *pro se*

S/Don G. Pope
Don G. Pope
