IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TERRILL D. GURLEY, JR.,  )
　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　)
　　　　　　　　　　　　　)　　CIV-14-381-M
v.　　　　　　　　　　　　)
　　　　　　　　　　　　　)
THE GEO GROUP, INC., et al., )
　　　　　　　　　　　　　)
　　　　Defendants.　　　　)

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. In his Amended Complaint and Brief in Support filed September 5, 2014, Plaintiff alleges Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment when they failed to protect Plaintiff from being assaulted by other inmates at the Lawton Correctional Facility ("LCF"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Defendants GEO Group, Inc., Rios, Clark, Dawson, Livingston, Neil, and Kidder have moved to dismiss the action or alternatively for summary judgment.[1] (Doc. #50). Plaintiff

---

[1] Defendants state in their Motion that the last names of Defendants "Kinnder" and "Neial" are misspelled in the Amended Complaint, and that the correct spellings of these Defendants' last names are Kidder and Neil. Accordingly, Defendants Kidder and Neil will be identified using the correct spellings of their last names.

1

has responded to the Motion. For the following reasons, it is recommended that Defendants' Motion be granted and that judgment issue in favor of Defendants and against the Plaintiff.

I. <u>Eighth Amendment Claim of Failure to Protect</u>

The Amended Complaint filed September 5, 2014, asserts one ground for relief. Plaintiff alleges in the Amended Complaint and supporting brief that all of the Defendants violated his Eighth Amendment rights by failing to protect him from being assaulted by two inmates at LCF on February 5, 2014. As supporting facts, Plaintiff alleges he was housed in a restricted housing unit designed to keep rival gang members (known as security threat groups) separated, and that he was assigned as an orderly on the unit.

While he was cleaning the housing unit on February 5, 2014, Plaintiff alleges Defendants Kidder and Neil, who are LCF correctional officers, allowed two offenders from a rival gang, or security threat group, who were housed in a separate housing unit to access Plaintiff's housing unit. These offenders then assaulted Plaintiff, stabbing him multiple times and hitting him in the head with a blunt object, resulting in serious injuries.

Plaintiff alleges Defendant Livingston, another LCF correctional officer, was assigned to his housing unit, but Defendant Livingston was "tending to another [housing] pod at the time of the incident." Brief in Support (Doc. # 23), at 3. Plaintiff alleges Defendants Clark and Dawson are supervisory correctional officers at LCF who "are aware how critical-violent (assaults, stabbings, etc.) this housing unit can become" but only posted two officers, Defendants Kidder and Neil, on the unit when normally three or four officers are assigned to the unit. Plaintiff seeks compensatory damages. <u>Id.</u> at 3-4.

II. Standard of Review

Defendants have styled their motion as a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) or, alternatively, a Motion for Summary Judgment under Rule 56(b). However, because Defendants rely, in part, on evidentiary documents outside of the pleadings in support of their Motion, and Plaintiff was advised of his responsibilities under Rules 12 and 56 in responding to Defendants' Motion, the Motion will be considered as one seeking summary judgment. See Marquez v. Cable One, Inc., 463 F.3d 1118, 1121 (10th Cir. 2006)(motion to dismiss styled in the alternative as motion for summary judgment and containing evidentiary materials outside of the complaint provides opposing party "explicit notice that the district court would convert it to a motion for summary judgment"); Brown v. Zavaras, 63 F.3d 967, 969 (10th Cir. 1995)(courts may convert motion to dismiss into motion for summary judgment in order to consider matters outside of the pleadings).

Summary judgment may only be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Burke v. Utah Transit Auth. & Local, 462 F.3d 1253, 1258 (10th Cir. 2006)(quotation omitted), cert. denied, 550 U.S. 933 (2007).

A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. "At the

summary judgment stage, a complainant cannot rest on mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." Burke, 462 U.S. at 1258 (internal quotation marks and citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quotations omitted).

III. Exhaustion of Administrative Remedies

It is not disputed that Plaintiff was assaulted by two LCF inmates, identified by Defendants as "inmates Green and Jennings," on February 5, 2014. Defendants seek summary judgment, *inter alia*, on the ground that Plaintiff has failed to exhaust administrative remedies.

The Prison Litigation Reform Act ("PLRA"), enacted in 1996, requires a prisoner to exhaust his administrative remedies prior to filing a lawsuit in federal court challenging prison conditions under 42 U.S.C. § 1983 or any other Federal law. 42 U.S.C. § 1997e(a). "[E]xhaustion requirements are designed to ... give the agency a fair and full opportunity to adjudicate their claims" before the plaintiff proceeds to file an action in federal court. Woodford v. Ngo, 548 U.S. 81, 90 (2006). This mandatory exhaustion requirement, see Jones v. Bock, 549 U.S. 199, 211 (2007), applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524, 532 (2002).

To properly exhaust administrative remedies, Plaintiff must "us[e] all steps that the

agency holds out, and [do] so *properly* (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90 (quotation and citation omitted). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

Having asserted the affirmative defense of failure to exhaust administrative remedies, Defendants bear the burden of proof. See Jones v. Bock, 549 U.S. 199, 215-216 (2007)(holding failure to exhaust administrative remedies is affirmative defense); Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007)("We . . . hold that the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant.").

To be entitled to summary judgment, Defendants must demonstrate the absence of a disputed material fact on the issue of exhaustion. See Hutchinson v. Pfeil, 105 F.3d 562, 564 (10th Cir. 1997). If Defendants satisfy this burden, Plaintiff would incur the obligation to "demonstrate with specificity the existence of a disputed material fact. If the [P]laintiff fails to make such a showing, the affirmative defense bars his claim[s], and the [Defendants are] then entitled to summary judgment as a matter of law." Id.

The procedure for exhausting administrative remedies for Oklahoma inmates, including inmates incarcerated in private prisons, is set forth in the Oklahoma Department of Corrections' ("ODOC") Policy OP-090124. Under this administrative process, the prisoner must first attempt to informally resolve the matter with the appropriate staff member within three days of the incident. See Special Report, att. 4 (OP-090124), at 6.

If that attempt is unsuccessful, the inmate must submit a Request to Staff ("RTS") addressed to the appropriate staff member within seven days of the incident. See id. at 5-6. If the inmate is still not satisfied, the inmate may file a grievance with the reviewing authority within fifteen days of the incident or of the staff's response to his RTS, whichever is later. See id. at 7-10.

If the inmate remains dissatisfied with the result, the inmate may appeal to the ODOC administrative review authority or, where appropriate, the chief medical officer within fifteen days of the reviewing authority's response. See id. at 10-12. After this step, the administrative procedure would be completed. Id. at 12-13. See Thomas v. Parker, 609 F.3d 1114, 1117 (10th Cir. 2010)("The ODOC grievance process has a requirement of informal consultation with staff, then three written steps: a Request to Staff form, a formal grievance, and an appeal to the administrative review authority.").

It is not disputed that Plaintiff filed one RTS on March 10, 2014, requesting "copies of the incident reports of the incident that occurred on 2-5-14 with me." Special Report, Att. 5. Plaintiff was advised in response to the RTS that facility incident reports could not be released, and it was suggested that he contact Warden Caldwell for assistance. Id. This RTS did not include any claims similar to those made in the Amended Complaint.

Defendants have supported their Motion with the affidavit of Mr. Knutson, an ODOC official in the office of ODOC's Administrative Review Authority ("ARA"). Special Report, Att. 6. Mr. Knutson avers that Plaintiff has not filed a grievance or a grievance appeal with the ARA.

The undisputed evidence demonstrates that Plaintiff did not attempt to complete any step of ODOC's well-established administrative remedy procedure. In response to Defendants' Motion, Plaintiff admits that he failed to exhaust the administrative remedies available to him at LCF.

As an attempt to excuse his failure to exhaust, Plaintiff alleges that he was not aware of the administrative exhaustion requirement, and he also alleges that he requested a civil complaint form from the prison's law librarian. However, lack of knowledge of the exhaustion requirement does not excuse Plaintiff's failure to complete the administrative remedial procedure. Moreover, even assuming the truth of Plaintiff's allegations, the law librarian did not hinder Plaintiff's ability to exhaust administrative remedies by failing to advise Plaintiff of administrative remedy procedures in response to a request for a civil complaint form. Cf. Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010)("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust."). Plaintiff filed one RTS form, indicating he was aware of the administrative remedy procedure and was able to employ that procedure, although he did not use it to assert the claim he raises in the Amended Complaint.

Plaintiff has provided no credible facts that would excuse his failure to exhaust the administrative remedies available to him. Therefore, Defendants' Motion for Summary Judgment should be granted, and judgment should issue in favor of Defendants and against the Plaintiff. Also, Plaintiff's Motion for Discovery (Doc. # 57) is DENIED.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendants' Motion for Summary Judgment (Doc. # 50) be GRANTED and that judgment be entered in favor of Defendants and against the Plaintiff.

The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by April 8th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 19th day of March, 2015.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE